UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CRIMINAL ACTION NO. |
| v. | 1:12-CR-194-CAP-JSA |
| ANTWAN LUCAS, | |
| Defendant. | |

# **O R D E R**

This matter is before the court on the report and recommendation (R&R) of the magistrate judge [Doc. No. 37], recommending the defendant's motion to suppress evidence [Doc. No. 24] be denied. The defendant filed objections to the R&R [Doc. No. 42].

## I. Introduction

Defendant Antwan Lucas is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). Atlanta Police Department (APD) officers discovered that the defendant possessed a firearm, along with other evidence, during the execution of a search warrant at a suspected drug dealing location in May 2012. The defendant moved to suppress the evidence, contending that the officers illegally seized and searched him in violation of the Fourth Amendment, and that all evidence obtained as a result should be suppressed.

## II. Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's R&R. 28 U.S.C. § 636(b)(1); *United States v. Powell*, 628 F.3d 1254, 1256 (11th Cir. 2010). A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ. of Ga.*, 896 F.2d 507, 512 (11th Cir. 1990). The district judge reviews legal conclusions de novo, even in the absence of an objection. *See Cooper-Houston v. S. Ry. Co.*, 37 F.3d 603, 604 (11th Cir. 1994). On the other hand, portions of the R&R to which there is no objection are reviewed for clear error. 28 U.S.C. § 636(b)(1); Fed R. Crim. P. 59(a). A district court may not reject the credibility determinations of a magistrate judge without personally rehearing disputed testimony from the witness. *Powell*, 628 F.3d at 1256–58.

## III. Analysis

As an initial matter, the defendant did not object to any of the factual findings in the magistrate judge's R&R. Accordingly, because there appears

to be no clear error, the court adopts those findings of fact (for the purpose of addressing the motion to suppress) and incorporates them herein.

The magistrate judge recommended the motion to suppress should be denied because he concluded the APD properly detained and frisked the defendant pursuant to a reasonable investigative detention under *Terry v. Ohio*, 392 U.S. 1 (1968). Pursuant to *Terry*, the magistrate judge first concluded the police officers had a reasonable suspicion of criminal activity so that they may detain the defendant based on: (1) the defendant's location on the front lawn of a known drug dealing location, (2) his hesitancy to follow the officers' instruction to get on the ground, (3) officers' testimony that it is common for drug dealers to post look-outs or guards outside of drug dealing locations, and (4) the officers' ability to temporarily detain individuals for the purpose of preventing flight, maintaining control, and protecting their safety. Then, the magistrate judge concluded the officers were justified in frisking the defendant because, for similar reasons to the justification for his detention, they reasonably believed the defendant could have been armed and presented a danger, even though the defendant had already been handcuffed for several minutes. Finally, the magistrate judge concluded the investigative *Terry* stop was not so unreasonable as to escalate into an arrest until after the officers frisked the defendant and found a concealed handgun.

Specifically, the magistrate judge concluded that under the totality of the circumstances neither the "strong-arm tactics" that the officers used to restrain the defendant nor the approximately ten minute delay prior to the frisk made the detention unreasonable.

The defendant specifically objects to four portions of the R&R. First, he argues the officers did not have a reasonable articulable suspicion that the defendant was engaged in criminal activity. Second and third, he argues that the officers' "unreasonably excessive force" used to detain the defendant and their failure to frisk him for over ten minutes while he was handcuffed, face-down on the ground, both exceeded a permissible *Terry* stop. Finally, he argues that the court should follow the three-factor test the Ninth Circuit Court of Appeals uses to determine whether a person is under arrest. This last objection is overruled on its face, because the magistrate judge applied the four-factor of *this* circuit to distinguish between an investigative stop and a de facto arrest. *See* R&R 14–15 [Doc. No. 37] (citing *United States v. Hardy*, 855 F.2d 753, 759 (11th Cir. 1988); *United States v. Acosta,* 363 F.3d 1141, 1145 (11th Cir. 2004)). The court now turns to the merits of the other three objections.

### 1. The Officers had a Reasonable Articulable Suspicion

The defendant objects to the R&R's reliance on the defendant's *reaction* to the officers' sudden approach and yelling commands to "get on the ground." Rather, he argues, the focus should be on what the police officers "knew at the time," that is, when they approached the property and found him "standing in the front lawn of a house for which they possessed a search warrant." Objection to R&R 2 [Doc. No. 42]. The court finds no error. As conceded by the defendant, the court must look at the totality of the circumstances at the time of the detention to determine whether the officers had a reasonable suspicion. Here, the officers arrived at the house with probable cause to believe it was the site of drug trafficking activity, the was testimony that drug dealers often have a "lookout," guard, or some other affiliated person "hang out" outside a house where trafficking activity takes place, R&R 3 [Doc. No. 37], and two officers testified that the defendant's conduct when the officers approached—albeit with their show of force—led them to believe he was contemplating an escape. This hesitation that the defendant calls his "reaction" to the officers is just *one* among all the circumstances that support the conclusion that it was reasonable to suspect the defendant may have been participating in criminal activity, was about to flee, or could pose a danger to the officers. The objection is overruled.

## 2. The Detention Did Not Exceed the Scope or Duration of a *Terry* Stop

Next, the defendant objects to the magistrate's conclusion that the officers' show of force was reasonable. He argues that their "sudden[]" approach with "an impressive display of force, weapons draw," coupled with their order to the defendant to get on the ground and handcuffing him exceeded the scope of a permissible detention. Rather, the defendant contends, the "attenuated" connection between the defendant "who happen[ed] to be walking by the house at the wrong time" was unreasonable because of the "extreme intrusiveness" of the officers' actions. The court agrees with the magistrate judge: The tactics used were reasonable in light of the circumstances of executing a search warrant at a known drug location,[1] the officers had a reasonable suspicion that the defendant might present a danger or flee, and the officers had to make a split second decision to protect themselves and the public.

The defendant also objects that the ten-minutes the defendant spent handcuffed on the ground before he was frisked show that he was

---

[1] *See Michigan v. Summers*, 452 U.S. 692, 702–703 (1981) ([T]he execution of a warrant to search for narcotics is the kind of transaction that may give rise to sudden violence or frantic efforts to conceal or destroy evidence. The risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation." (footnote omitted)).

6

unreasonably detained. The defendant argues the officers were not "diligent" in frisking the defendant and left him in "an extremely uncomfortable, embarrassing, intrusive position" on the ground during the delay. While the officers essentially conceded it was a mistake to not frisk the defendant immediately, the delay was relatively short. *See* R&R 17 [Doc. No. 37] (citing cases where much longer detentions were upheld as reasonable under the circumstances). Further, the defendant was frisked after the other officers completed the protective sweep of the house and before they conducted the search; the frisk occurred as soon as the premises were secure. Therefore, the court concludes that under the all the circumstances the delay was reasonable and thus did not exceed the bounds of a *Terry* stop. These objections are likewise overruled.

IV. **Conclusion**

In sum, the court agrees with the magistrate judge's analysis and conclusions in the R&R. The defendant's objections are overruled. Accordingly, the R&R is adopted as the opinion and order of this court.

**SO ORDERED** this 14th day of January, 2013.

/s/ Charles A. Pannell, Jr.
CHARLES A. PANNELL, JR.
United States District Judge